IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CYNTHIA FITZPATRICK and
SADIE FITZPATRICK,
an infant by CYNTHIA FITZPATRICK,
her next friend,

         Plaintiffs,

v.                                    Civil Action No. 5:05CV128
                                                    (STAMP)
BRENDA K. DUFFORD
and MOTORISTS MUTUAL
INSURANCE COMPANY,

         Defendants.


**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO REMAND AND
DENYING WITHOUT PREJUDICE MOTION TO DISMISS**

I.  Background

     Plaintiffs, Cynthia Fitzpatrick and Sadie Fitzpatrick, an
infant by Cynthia Fitpatrick, her next friend, brought this action
for negligence against defendant, Brenda K. Dufford ("Dufford"),
and bad faith insurance practices against defendant, Motorists
Mutual Insurance Company ("MMIC"), in the Circuit Court of Marshall
County, West Virginia on July 7, 2002.  These claims arose out of
an automobile accident that occurred on June 30, 2001.

     Previously, on January 22, 2003, plaintiffs Cynthia
Fitzpatrick, Sadie Fitzpatrick, an infant by Cynthia Fitzpatrick,
her next friend, Howard Wheeler, IV, an infant by Susan Joseph, his
next friend, and Gabriel R. Dezio, and infant by Susan Joseph, his
next friend, brought suit in the Circuit Court of Marshall County,

West Virginia against Dufford for negligence.  See Fitzpatrick v. Dufford, Civil Action No. 03-C-18K (W. Va. 2003).  The January 22, 2003 claim also arose out of the June 30, 2001 automobile accident and is currently set for trial to begin on October 5, 2005.

On August 12, 2005, MMIC removed the above-styled civil action to this Court arguing this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).  Co-defendant Dufford consented to the removal.[1]

On September 12, 2005, the plaintiffs filed a motion to remand.  Plaintiff Cynthia Fitzpatrick is a citizen of West Virginia along with her co-plaintiff and daughter, Sadie Fitzpatrick.  Defendant Dufford is a citizen of West Virginia and defendant MMIC is an Ohio company with its principal place of business in Columbus, Ohio.  MMIC filed a response in opposition to the remand motion.  No reply was filed.

In addition, MMIC filed a motion to dismiss the plaintiffs' complaint.  The plaintiffs filed a response in opposition to the defendants' motion and MMIC filed a reply.

II.  Applicable Law

District courts have original jurisdiction in all civil actions when a matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.  28 U.S.C. § 1332.  Any civil action

---

[1]The parties do not argue that this issue involves a federal question.

2

brought in the state court over which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where the action is pending. 28 U.S.C. § 1441.

Removal of the case is, however, subject to certain restrictions. Title 28, United States Code, Section 1441(b) provides that a non-federal question case "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." In addition, Title 28, United States Code, Section 1446(b) states that a defendant shall file a notice of removal within thirty days of receiving service of the initial pleadings.

It should be noted that "[t]he burden of establishing federal jurisdiction is placed upon the party seeking removal." <u>Mulcahey v. Columbia Organic Chems., Inc.</u>, 29 F.3d 148, 151 (4th Cir. 1994). Thus, in diversity cases, the burden of negating the possibility that diversity of citizenship does not exist lies with the party seeking to invoke removal jurisdiction. <u>See</u> <u>McGovern v. American Airlines</u>, 511 F.3d 653, 654 (5th Cir. 1975). If a party challenges the allegation of jurisdictional facts, the party invoking diversity jurisdiction has the burden of supporting its allegations with competent proof. <u>Thomson v. Gaskill</u>, 315 U.S. 442 (1942). Removal jurisdiction must be strictly construed and if federal

jurisdiction is doubtful, a remand is necessary.  See <u>Mulcahey</u>, 29
F.3d at 151.

### III.  <u>Discussion</u>

The plaintiffs argue that this case should be remanded to the
Circuit Court of Marshall County, West Virginia because defendant
Dufford was properly joined as a non-diverse party to the action,
and therefore, complete diversity does not exist.  Even if complete
diversity exists, the plaintiffs argue that the defendants have not
shown that the amount in controversy exceeds $75,000.00.  MMIC
responds that Dufford was fraudulently joined, and therefore,
complete diversity exists.  In addition, MMIC argues that the
amount in controversy meets the jurisdictional minimum.  Finally,
the defendant argues that, even if Dufford is not fraudulently
joined and the amount in controversy has not been met, this Court
should exercise supplemental jurisdiction pursuant to 28 U.S.C.
§ 1367.  No reply was filed.  This Court finds it must remand this
action and addresses each of MMIC's arguments in turn.

### A.  <u>Fraudulent Joinder</u>

"To show fraudulent joinder, the removing party must
demonstrate either 'outright fraud in the plaintiff's pleading of
jurisdictional facts' or that 'there is no possibility that
plaintiff would be able to establish a cause of action against the
in-state defendant in state court.'"  <u>Hartley v. CSX Transp., Inc.</u>,
187 F.3d 422, 424 (4th Cir. 1999)(quoting <u>Marshall v. Manville</u>

4

Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)). A claim of fraudulent joinder places a heavy burden on the defendant. See Marshall, 6 F.3d at 232. "[T]he defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor. A claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." Id. at 232-233 (citations omitted). "Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends." Hartley, 187 F.3d at 426 (emphasis added). In sum, in order to successfully prove fraudulent joinder, a defendant must demonstrate by clear and convincing evidence that, after resolving all issues of fact and law in the plaintiff's favor, the plaintiff has not alleged any possible claim against the co-defendant.

    1.   <u>Identical Claim</u>

MMIC first argues that Dufford is fraudulently joined because the plaintiffs previously filed an identical claim against Dufford in the Circuit Court of Marshall County, West Virginia on January 22, 2003. MMIC argues that the above-styled civil action will be dismissed as duplicative if remanded to the state court, and therefore, should not destroy diversity for purposes of federal jurisdiction. The plaintiffs argue that the present action was filed in circuit court to protect the plaintiffs' rights against MMIC pending a decision on plaintiffs' motion to amend their

complaint to include MMIC and prior to a change in West Virginia law affecting bad faith insurance claims. The plaintiffs further argue that any concerns over duplicative claims in state court will be resolved pursuant to state rules.

This Court rejects MMIC's argument that Dufford has been fraudulently joined because of an underlying state case that also names Dufford as a defendant. As the plaintiffs note, MMIC has pointed to no authority to support its position and it has failed to meet its burden of showing that the plaintiffs would be entitled to no relief against Dufford simply because the case would be consolidated with another case currently pending before the Circuit Court of Marshall County.

2. <u>Statute of Limitations</u>

MMIC's second argument regarding fraudulent joinder is persuasive in part. As discussed below, this Court believes there is an issue of fraudulent joinder with regard to Cynthia Fitzpatrick's claim against Dufford, though the same is not true with regard to the claims made by Sadie Fitzpatrick, who is a minor.

A defendant may meet its burden under the fraudulent joinder doctrine by demonstrating that the statute of limitations for the plaintiff's action against a particular defendant has clearly run. <u>See, e.g.</u>, <u>Riverdale Baptist Church v. Certainteed Corp.</u>, 349 F. Supp. 2d 943, 949 (D. Md. 2004). However, if the statute of

limitations issue requires a factual determination, the doctrine will not be applied. See Arthur v. E.I. duPont, 798 F. Supp. 367, 370 (S.D. W. Va. 1992). For example, the Court in Arthur determined that the commencement of a particular statute of limitations was a disputed factual issue, and therefore, the court could not find that non-diverse defendants had been fraudulently joined. Id. at 370. Thus, where the statute of limitations issue is dependent on disputed issues of fact, fraudulent joinder should not be applied.

Notwithstanding whether MMIC has shown that Cynthia Fitzpatrick's claim against Dufford is barred by West Virginia's two-year statute of limitations on actions for damages for personal injury, MMIC has not sufficiently shown how Sadie Fitzpatrick's claim against Dufford is barred. Pursuant to West Virginia Code § 55-2-17, the general statute of limitations on actions for damages for personal injury is tolled until a minor reaches the age of majority. In West Virginia, the age of majority is 18. W. Va. Code § 2-3-1. In pleadings, Sadie Fitzpatrick is consistently referred to as a minor. MMIC has provided no evidence to show that Sadie Fitzpatrick has reached the age of majority in time for the statute of limitations to run prior to the filing of this action. Accordingly, MMIC has failed to meet the heavy burden placed on the defendant to demonstrate fraudulent joinder of Dufford in this action. See Marshall, 6 F.3d at 232.

B.   <u>Amount in Controversy</u>

In addition to fraudulent joinder, MMIC argues that each of the plaintiffs' claims against MMIC satisfies the amount in controversy.  Specifically, MMIC attached to its notice of removal an affidavit of April Johnson, an attorney practicing in Wheeling, West Virginia, indicating that she has a "good faith" belief that the claims of each plaintiff against MMIC would be at least $100,000.00.  In addition, MMIC argues that the plaintiffs have made settlement demands of $100,000.00 for each of the plaintiffs, though MMIC acknowledges that the plaintiffs are currently demanding $70,000.00 per plaintiff.  MMIC notes that the plaintiffs also request punitive damages in addition to compensatory damages.

With regard to claims against Dufford, MMIC argues that each of the plaintiffs' claims for negligence satisfies the amount in controversy.  Specifically, MMIC notes that medical bills for Cynthia Fitzpatrick have been stated as $32,390.73 and for Sadie Fitzpatrick as $13,915.25.  Moreover, MMIC points to Cynthia Fitzpatrick's claim that she has been unable to perform her work and is requesting lost wages.  MMIC also points to claims of damages for pain and suffering, mental anguish and loss of ability to enjoy life.  Finally, MMIC notes that the policy limits applicable to each plaintiffs' claim is in excess of the jurisdictional minimum.

After careful consideration of the briefs filed in support and in opposition of the plaintiffs' motion to remand, this Court finds that the defendant has not met its burden of proof with regard to the amount in controversy. The defendants' removal cannot be based on speculation; rather, it must be based on facts as they existed at the time of removal. See Varela v. Wal-Mart Stores, East, Inc., 86 F. Supp. 2d 1109, 1112 (D.N.M. 2000). The mere "threat" of punitive damages, without more, does not give rise to federal jurisdiction. Landmark Corp. v. Apogee Coal Co., 945 F. Supp. at 932, 938 (S.D. W. Va. 1996). Here, the defendants have offered no competent proof or tangible evidence that the amount in controversy exceeds $75,000.00. The fact that the plaintiffs requested $100,000.00 per claim after such claims were filed is insufficient. See Doughty v. Hyster New England, Inc., 344 F. Supp. 2d 217, 219 (D. Me. 2004). Similarly, this Court is not persuaded by MMIC's argument regarding policy limits because jurisdiction must be based on the actual amount in controversy, not the defendants' exposure under the terms of its contract.

Furthermore, it is well established that each plaintiff must meet the amount in controversy requirement without aggregating unrelated claims. See e.g. Golden ex rel. Golden v. Golden, 382 F.3d 348, 355 (3d Cir. 2004); Jewell v. Grain Dealers Mut. Ins. Co., 290 F.2d 11, 13 (5th Cir. 1961). In Jewell, the Fifth Circuit recognized that claims against defendants could be aggregated if

9

the defendants were jointly liable. See Jewell at 13. Here, Dufford is liable for alleged negligence in the automobile accident while MMIC is liable for bad faith insurance practices under the West Virginia Code. In other words, this is not a case where the defendants are jointly liable, and thus, the claims against MMIC and Dufford may not be aggregated for the purpose of reaching the jurisdictional amount.[2] For the reasons stated above, MMIC has failed to meet its burden of showing that the amount in controversy has been met.

C. Supplemental Jurisdiction

Finally, the defendants argue that this Court must exercise supplemental jurisdiction over the claims in this action. Supplemental jurisdiction is guided by 28 U.S.C. § 1367, which states in pertinent part that ". . . in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III . . ." 28 U.S.C. § 1367(a). Section 1367 also contains four situations where a district court may decline to exercise supplemental jurisdiction, including where, "in

_____

[2]This Court recognizes that the same plaintiff may aggregate several of its claims against the same defendant. See e.g. Shanaghan v. Cahill, 58 F.3d 106, 109 (4th Cir. 1995). In this action, each plaintiff has only one claim against each defendant. Therefore, this kind of aggregation is also inapplicable.

exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4).

MMIC's argument fails on two grounds. First, supplemental jurisdiction only pertains to a "civil action of which the district courts have original jurisdiction." 28 U.S.C. 1367(a). Here, this Court finds it never had original jurisdiction over any of the claims in this action because the parties are not diverse, the amount in controversy has not been met and no federal question is at issue. It should be noted that MMIC's reliance on Shanaghan is misplaced. While Shanaghan recognizes supplemental jurisdiction over state law claims that do not satisfy the jurisdictional minimum, such claims still must be part of the same case or controversy as a claim over which the court could have exercised original jurisdiction. Id. at 109. Thus, supplemental jurisdiction may not be exercised over any of the claims in this action.

Even if this Court could exercise supplemental jurisdiction over the claims in this action, it would decline because it finds "exceptional circumstances" and "compelling reasons" for not exercising supplemental jurisdiction. As MMIC recognizes, this action involves the same underlying facts as a pending state action currently set for trial in the Circuit Court of Marshall County, West Virginia, to begin on October 5, 2005. The above-styled action was filed by the plaintiffs in order to protect their rights

11

under West Virginia law prior to a change in the law. Certainly this is an unusual yet reasonable course of action. Allowing the above-styled action to proceed in this Court while a separate, but related action proceeds in state court would not be judicially economical and could result in disparate results that could undermine both state and federal proceedings. See e.g. Acri v. Varian Associates, Inc., 114 F.3d 999, (9th Cir. 1997)(discretion to decline to exercise supplemental jurisdiction informed by the values of economy, convenience, fairness, and comity). Accordingly, even if this Court had the discretion to exercise supplemental jurisdiction over the plaintiffs' claims, it would decline to do so under § 1367(c)(4).

## IV.  Conclusion

For the reasons stated above, plaintiffs' motion to remand is GRANTED. Accordingly, this Court lacks jurisdiction to consider the defendants' motion to dismiss, which is therefore DENIED WITHOUT PREJUDICE. This case is hereby REMANDED to the Circuit Court of Marshall County, West Virginia. Accordingly, this civil action is DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Marshall County, West Virginia.

DATED:     March 28, 2006


                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE